UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPSTREM, INC., a California corporation,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>BHFO, INC., an Iowa corporation,<br><br>　　　　　　　　　　Defendant. | Case No.: 20-CV-2160 JLS (DEB)<br><br>**ORDER GRANTING IN PART DEFENDANT'S EX PARTE APPLICATION TO STRIKE OR IN THE ALTERNATIVE TO FILE A SUR-REPLY**<br><br>(ECF No. 58) |

　　　　Presently before the Court is Defendant BHFO, Inc.'s Ex Parte Application for (1) An Order Striking and Disregarding Plaintiff's New Evidence and Argument on Reply; or, in the Alternative, (2) An Order Granting Leave for BHFO, Inc. to File a Sur-Reply to Plaintiff's Reply in Support of Motion to Dismiss Without Prejudice ("Mot.," ECF No. 58). Plaintiff Upstrem, Inc. filed an Opposition to the Motion ("Opp'n," ECF No. 61). For the reasons stated below, the Court declines to strike or disregard Plaintiff's evidence and argument introduced on Reply, but **GRANTS** Defendant leave to file a short sur-reply.

　　　　On January 6, 2022, Plaintiff filed a Reply in support of its Motion to Dismiss Without Prejudice. ECF No. 56. Defendant argues that Plaintiff's Reply was improper because Plaintiff "added new arguments and evidence as reflected in its: (1) new

Declaration and 15 new exhibits introduced for the first time on reply; and (2) 11 page Reply, when its initial, moving brief was a paltry three pages." Mot. at 5 (emphasis omitted). Defendant also claims that Plaintiff "attempts to mislead the Court with a false narrative" in its Reply. *Id.* at 7. Defendant argues that Plaintiff mischaracterizes Defendant's discovery efforts and "includes a multitude of inaccurate statements unsupported by any evidence." *Id.* at 8. Defendant requests that the Court "disregard any new evidence and arguments introduced by [Plaintiff] on Reply" or alternatively, grant Defendant "leave to file a Sur-Reply to address the untimely evidence and arguments in [Plaintiff]'s Reply." *Id.* at 1–2. In response, Plaintiff argues that it "was entitled to respond to [Defendant]'s new argument raised in [Defendant]'s opposition that [Plaintiff] pursued the action in bad faith, and as part of its reply, [Plaintiff] was allowed to file exhibits that rebutted and addressed that argument." Opp'n at 2. Additionally, Plaintiff argues it "included excerpts of exhibits that [Defendant] relied on in its opposition, which was proper." *Id.*

The Court finds that striking or disregarding portions of Plaintiff's Reply is unwarranted under these circumstances. Accordingly, the Court **DENIES** Defendant's Ex Parte Application to Strike. However, the Court **GRANTS** Defendant's Ex Parte Application to File a Sur-Reply. Defendant **MAY FILE** a sur-reply to respond to the evidence and arguments raised in Plaintiff's Reply. Such a sur-reply may not exceed five (5) pages and may be filed within seven days of the date this order is electronically docketed.

**IT IS SO ORDERED.**

Dated: April 5, 2022

Hon. Janis L. Sammartino
United States District Judge