UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPSTREM, INC., a California corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>BHFO, INC., an Iowa corporation,<br><br>                              Defendant. | Case No.: 20-CV-2160 JLS (DEB)<br><br>**ORDER (1) GRANTING PARTIES' MOTIONS TO FILE DOCUMENTS UNDER SEAL; (2) DENYING AS MOOT DEFENDANT'S EVIDENTIARY OBJECTIONS; AND (3) GRANTING PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>(ECF Nos. 49, 51, 53-3, 54) |

Presently before the Court is Plaintiff Upstrem, Inc.'s Motion to Dismiss Without Prejudice ("Mot.," ECF No. 49). Defendant BHFO, Inc. filed a limited Opposition to the Motion ("Opp'n," ECF No. 53) and Evidentiary Objections ("Evid. Objs," ECF No. 53-3), Plaintiff filed a Reply in support of the Motion ("Reply," ECF No. 56), and Defendant filed a Sur-Reply ("Sur-Reply," ECF No. 66). Plaintiff and Defendant both filed Motions to Seal related to the Motion ("Pl.'s Mot. to Seal," ECF No. 54; "Def.'s Mot. to Seal," ECF No. 51). The Court took the matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1). *See* ECF No. 57. Having carefully reviewed the Parties' arguments, the Parties' evidence, and the law, the Court **GRANTS** the Parties' Motions to

1

1  Seal, **DENIES AS MOOT** Defendant's Evidentiary Objections, **GRANTS** Plaintiff's
2  Motion, and **DISMISSES WITHOUT PREJUDICE** this action.

### BACKGROUND

The Court thoroughly recounted the factual and procedural background of this matter in its Order (1) Granting in Part and Denying in Part Defendant's Motion to Dismiss; (2) Overruling Defendant's Objections to Magistrate Judge's Order; and (3) Denying Motion for a Protective Order (ECF No. 39). The Court incorporates by reference the background as set forth therein and outlines below only those facts relevant to the instant Motion.

In September 2019, the Parties were in negotiations for Plaintiff to purchase Defendant. ECF No. 1 ("Compl.") ¶¶ 2, 43. Plaintiff's Chief Revenue Officer Kevin Lamar was Plaintiff's "point person" in the negotiations. Reply at 1. While negotiations between the Parties were still ongoing, Mr. Lamar's employment with Plaintiff ended. *See* Compl. ¶ 42. Defendant hired Mr. Lamar, first as a consultant on Plaintiff's potential acquisition of Defendant, then as an employee. *See id.* ¶ 44. In February 2020, the Parties entered into a Letter of Intent ("LOI"). *Id.* ¶ 52. Pursuant to the LOI, the Parties shared confidential and proprietary information in a shared Dropbox for both sides to conduct due diligence. Declaration of Stacie Sefton ("Sefton Decl.") ¶ 23, ECF No. 53-2. As part of the LOI process, the Parties entered into a nondisclosure agreement. *See* Declaration of Joseph S. Leventhal ("Leventhal Decl.") Ex. A, ECF No. 56-1 at 5–9. The Parties terminated the LOI on March 26, 2020. Sefton Decl. ¶ 26.

Plaintiff alleges in its verified Complaint that Defendant induced Mr. Lamar to share Plaintiff's confidential information and business practices. *See* Compl. ¶¶ 46, 50, 68. Through discovery in this matter, Plaintiff discovered that on April 21, 2020, after Mr. Lamar's employment with Plaintiff had ended, Mr. Lamar emailed Plaintiff's "confidential and sensitive financial model" to Defendant's Chief Financial Officer and Chief Executive Officer. Reply at 2. The financial model, in the form of an excel spreadsheet, is titled "Upstrem 5 Year Financial Proforma 12-30-2019 (New Version)." *Id.* In the body of the

1  email, Mr. Lamar advised the recipients to "please keep confidential" and "[p]lease delete
2  after any review." *Id.*
3     After the Court partially denied Defendant's motion to dismiss, Magistrate Judge
4  Daniel E. Butcher held an early neutral evaluation conference, but the Parties were unable
5  to reach a settlement. *See* ECF No. 46. Plaintiff took the limited deposition of Mr. Lamar,
6  and Defendant took the deposition of Plaintiff's current Chief Financial Officer Matthew
7  Lovejoy and Plaintiff's prior investor and employee David Kaelin. *See* Mot. at 2. The
8  Parties have exchanged some written discovery. *See* Reply at 6; Opp'n at 7. The present
9  Motion followed.

## MOTIONS TO SEAL

11  "[T]he courts of this country recognize a general right to inspect and copy public
12  records and documents, including judicial records and documents." *Nixon v. Warner*
13  *Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one
14  'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."
15  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v.*
16  *State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption
17  of access is 'based on the need for federal courts, although independent—indeed,
18  particularly because they are independent—to have a measure of accountability and for the
19  public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler*
20  *Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d
21  1044, 1048 (2d Cir. 1995)).
22     A party seeking to seal a judicial record bears the burden of overcoming the strong
23  presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden
24  depends upon whether the documents to be sealed relate to a motion that is "more than
25  tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When
26  the underlying motion is more than tangentially related to the merits, the "compelling
27  reasons" standard applies. *Id.* at 1096–98.
28  ///

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist[] when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

Defendant seeks to seal the following documents in part or in whole: (1) Defendant's limited opposition to the Motion; (2) Exhibits A–F to the Declaration of Stacie Sefton; and (3) Exhibits A, E, and F to the Declaration of Alissa R. Pleau-Fuller. Def.'s Mot. to Seal at 2–3. Defendant argues that these documents were designated as "Confidential" or "Confidential–Counsel" pursuant to the Protective Order in this case, and if the information is not sealed, the "Designating Parties allege that they face a significant threat of harm of their confidential and commercially sensitive materials being disseminated into the public domain." *Id.* at 3. Defendant argues the proposed sealing is narrowly tailored, and there is no less restrictive means to protect the Parties' confidential and commercially sensitive information. *Id.*

Plaintiff seeks to seal portions of its Reply in support of the Motion, and Plaintiff's Exhibits C–G, I, and K. Pl.'s Mot. to Seal at 2. Exhibits C, E, F, and K are documents that Defendant designated as "Confidential" under the Protective Order. *Id.* Exhibit I is one of Defendant's financial documents that was provided in due diligence. *Id.* Exhibit D describes and includes an excerpt of Plaintiff's financial model, and Exhibit G describes

the model. *Id.* at 2–3. Plaintiff argues that these documents contain sensitive financial information. *Id.* at 2. In particular, Plaintiff's financial model is the result of "significant time, money, and effort to create, and it is the key to [Plaintiff]'s business." *Id.*

The exhibits the Parties seek to seal consist primarily of emails and excerpts from depositions. The portions of the briefing the Parties seek to redact reference these exhibits. The sealed portions are more than tangentially related to the merits of the case. Therefore, the compelling reasons standard applies to these sealing motions. *Ctr. for Auto Safety*, 809 F.3d at 1098 (stating compelling reasons test applies to motions to dismiss). The Parties maintain the information at issue is confidential, proprietary, and/or commercially sensitive and not otherwise publicly available. The Parties have set forth sufficient factual bases and explanations for keeping the documents at issue under seal. Therefore, the Court finds that the Parties have presented compelling reasons to seal, and that the narrowly tailored redactions provide a suitable balance between the public's right to inspect judicial records and the Parties' privacy concerns. Accordingly, the Court **GRANTS** the Parties' requests to file under seal.

## MOTION TO DISMISS

### I. Legal Standard

Voluntary dismissal is governed by Federal Rule of Civil Procedure 41. A plaintiff may voluntarily dismiss a defendant without a court order before the opposing party serves an answer or motion for summary judgment, or with the opposing party's consent. Fed. R. Civ. P. 41(a)(1)(A). If neither of these options is available, the action may be dismissed by court order only on "terms that the court considers proper." *Id.* 41(a)(2). Unless the court order states otherwise, a dismissal under Rule 41(a)(2) is without prejudice. *Id.*

"In ruling on a motion for voluntary dismissal [pursuant to Rule 41(a)(2)], the District Court must consider whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir. 1982) (citing *Hoffmann v. Alside, Inc.*, 596 F.2d 822, 823 (8th Cir. 1979); *Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967)). The Ninth

5

20-CV-2160 JLS (DEB)

Circuit has held that legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996). "Plain legal prejudice, however, does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145 (citing *Durham*, 385 F.2d at 368).

A court may condition a Rule 41(a)(2) dismissal upon the payment of costs and attorney fees; however, imposition of costs and fees is not mandatory. *Westlands Water Dist.*, 100 F.3d at 97 (citing *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989)). "Rule 41(a)(2) is designed to allow the district court to 'exercise its broad equitable discretion . . . to weigh the relevant equities and do justice between the parties in each case.'" *Cerciello v. Blackburn Truck Lines Holding Co. Inc.*, 917 F.2d 27 (9th Cir. 1990) (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 857 (11th Cir. 1986)) (alteration in original).

## II.   Analysis

Plaintiff requests the Court dismiss this action without prejudice, with each Party to bear its own costs. Plaintiff alleges that "[Defendant]'s actions have crippled [Plaintiff]'s business, and now, there is doubt concerning whether [Plaintiff] might survive as a business." Mot. at 2. Plaintiff is now under new ownership, and Plaintiff seeks to "save its business before further litigation." *Id.* at 3. Defendant agrees the case should be dismissed; however, Defendant argues the dismissal should be with prejudice, and Defendant should be deemed the prevailing party and awarded its reasonable attorneys' fees and costs. Opp'n at 1. Defendant contends that Plaintiff "pursued a meritless claim . . . in bad faith." *Id.* Defendant argues that Plaintiff's verified Complaint "failed to identify the trade secrets at issue," and there was a "lack of evidence to support their claim[.]" *Id.*

When confronted with a motion for voluntary dismissal pursuant to Rule 41(a)(2), the Court must determine: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed.

*Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). As the Parties agree that the action should be dismissed, the Court will only examine whether dismissal should be with or without prejudice, and whether the Court should impose terms and conditions on the dismissal.

### A. *Dismissal With or Without Prejudice*

Plaintiff argues that this action is in the early stages of discovery, and Defendant will not suffer any legal prejudice if this case is dismissed without prejudice. Mot. at 3. Defendant argues that dismissal with prejudice is warranted here because Defendant has expended significant effort and resources on this case, Plaintiff did not diligently prosecute this action, and Plaintiff's explanation for dismissal is insufficient. Opp'n at 11–13. Defendant does not argue it will suffer any legal prejudice if the case is dismissed. *See generally* Opp'n.

Courts may consider the following factors to determine whether dismissal should be with or without prejudice: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. 1439, 1443–44 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995) (quoting *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987)) (alteration in original). Dismissal with prejudice may be appropriate where "it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action." *Id.* at 1443.

First, Defendant argues it has incurred significant expense defending the present case. Opp'n at 11. Defendant claims it incurred more than $300,000 in attorneys' fees and $8,000 in costs by (1) responding to Plaintiff's Complaint; (2) filing a motion to dismiss; (3) engaging in motion practice based on Plaintiff's request for expedited discovery; (4) responding to written discovery; (5) drafting third-party discovery to various parties; and (6) drafting discovery to Plaintiff. *Id.* Plaintiff argues that Defendant's expenditures amounted to "unsuccessfully mov[ing] to dismiss," "unsuccessfully prevent[ing]

discovery," and "produc[ing] a mere 700 pages of documents[.]" Reply at 10. The Court is not persuaded that Defendant's costs and attorneys' fees necessitate a dismissal with prejudice. Much of the work performed on this case will remain useful in any future litigation between the Parties. The remaining work is part of the normal litigation process or appears to be "legal work of Defendant['s] own making." *Quismundo v. Trident Soc'y, Inc.*, No. 317CV1930CABWVG, 2018 WL 1963782, at *3 (S.D. Cal. Apr. 25, 2018) (declining to award fees when granting motion for voluntary dismissal without prejudice when "work performed will remain useful in the litigation" or the work was the result of the defendant's own making). Therefore, this factor weighs in favor of dismissing this action without prejudice.

Next, Defendant argues that Plaintiff "has taken very little action to prosecute the case." Opp'n at 12. Defendant argues that Plaintiff did not move for a preliminary injunction, delayed producing documents, and never sought the depositions of Defendant's employees other than Mr. Lamar. *Id.* Defendant asserts that "[s]uch inaction reveals that [Plaintiff] has no evidence of misappropriation." *Id.* Plaintiff responds that because of Defendant's "delay tactics," it was "no longer a prudent use of judicial resources" to move for a preliminary injunction. Reply at 5. Additionally, Plaintiff claims that Defendant agreed to not use Plaintiff's trade secrets, *id.*, and therefore a preliminary injunction was unnecessary. Although Defendant claims that Plaintiff did not diligently prosecute this action, there is no evidence of such before the Court. Defendant claims that it threatened to file a motion for failure to prosecute, Opp'n at 1, but Defendant did not do so. Any delay in this case appears to be attributable to Defendant, who filed motions objecting to expedited discovery, ECF No. 15; objected to the limited deposition of Mr. Lamar, ECF No. 23; moved ex parte to stay discovery, ECF No. 25; and moved to dismiss the Complaint, ECF No. 11. It was only after the Court ruled on Defendant's motion to dismiss and objections that Plaintiff was able to depose Mr. Lamar. The Court then held a case management conference and discovery started in earnest in this case. Plaintiff filed the present Motion less than four months later. *See* ECF No. 46. Therefore, there is no

evidence before the Court of Plaintiff's delay or lack of diligence. This factor also weighs in favor of dismissing this action without prejudice.

Finally, Plaintiff claims that it "currently lacks the financial resources and time to litigate this case[.]" Mot. at 1. Defendant argues that Plaintiff's claim is "simply not credible." Opp'n at 12. Defendant asserts that Plaintiff should have considered its "financial wherewithal" prior to filing the Complaint, and "if [Plaintiff] truly believed the case had merit, it would continue the litigation." Opp'n at 12. Defendant's argument is unpersuasive. Many courts have granted motions for voluntary dismissal without prejudice when the plaintiff does not have the financial resources to continue with the case. *See, e.g.*, *Abbey Dental Ctr., Inc. v. Consumer Opinion LLC*, No. 2:15-CV-2069-GMN-PAL, 2017 WL 3444695, at *2 (D. Nev. Aug. 10, 2017), *aff'd sub nom. Abbey Dental Ctr. v. Consumer Opinion, LLC*, 782 F. App'x 618 (9th Cir. 2019) (granting voluntary motion to dismiss when the plaintiff sought dismissal because it was no longer financially feasible to pursue the case). It does, however, appear disingenuous to entirely attribute Plaintiff's financial situation to Defendant's alleged trade secret misappropriation. *See* Mot. at 2. Defendant seeks to attribute Plaintiff's financial difficulties to COVID-19 and has lodged evidence in support of that claim. *See* Ex. F, ECF No. 52-1 at 33–35 (deposition detailing financial effects of COVID-19 on Plaintiff's business) (filed under seal). However, the Court ultimately need not decide whether Plaintiff's "crippled" business is due to the COVID-19 pandemic, Defendant's alleged trade secret misappropriation, or a combination of the two (or even other factors). None of Defendant's evidence forecloses the possibility that the alleged misappropriation played a role in Plaintiff's present financial difficulties. Plaintiff has adequately alleged it lacks the resources to continue to pursue this action, and the Court finds this is an adequate explanation to justify voluntary dismissal without prejudice.

Here, the Court finds that the lack of any legal prejudice to Defendant, the early stage of the proceedings, and Plaintiff's reasons for dismissing this case outweigh the resources Defendant has expended on this litigation. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** this action.

### B.     *Conditions of Dismissal*

Next, the Court must consider whether to include any conditions upon the dismissal of this action without prejudice. Plaintiff contends that its financial status is the result of Defendant willfully misappropriating its trade secrets and that the work in this case could be used in future litigation; therefore, the Parties should bear their own costs. Mot. at 3. In response, Defendant contends that "the trade secret claims should never have been brought and were filed in bad faith." Opp'n at 13. Defendant requests the Court's permission to move for bad faith sanctions to recover its attorneys' fees and costs. *Id.*

First, Defendant argues that Plaintiff brought its claim for trade secret misappropriation in bad faith. The Ninth Circuit has not decided whether "a plaintiff's good faith in bringing and pursuing the action to the point of dismissal" is a factor to consider whether to impose costs and fees when granting a motion for voluntary dismissal. *Stevedoring Servs. of Am.*, 889 F.2d at 922 (declining to decide whether plaintiff's good faith can be a factor to consider in determining whether costs should be a condition of dismissal, but upholding denial of costs based on other factors). Defendant previously argued in its motion to dismiss that Plaintiff filed this action in bad faith, and at that time the Court found no evidence of bad faith. *See* ECF No. 39 at 21.

Defendant has not presented any new evidence that requires the Court to upset its previous findings. Defendant argues that Plaintiff maintained this action in bad faith because Plaintiff's Complaint fails to allege "what specific trade secret or confidential information [Defendant] used." Opp'n at 4. The Court previously rejected Defendant's argument that Plaintiff's Complaint is deficient in this regard and denied Defendant's motion to dismiss Plaintiff's claim for trade secret misappropriation. The Court found that Plaintiff plausibly alleged it possessed a trade secret and adequately pleaded misappropriation. ECF No. 39 at 8–12.

Defendant also argues that Plaintiff acted in bad faith because it "contacted [Defendant]'s business partners and vendors in an attempt to stymie any merger discussions and sour [Defendant]'s business relationships." Opp'n at 6. However, this is

merely Defendant's characterization of a letter from Plaintiff's attorney to a third-party company requesting that it maintain, preserve, and protect all data and documents related to its business relationship with Defendant. Ex. A, ECF No. 51-1 at 11–12. Given Plaintiff's allegations in the verified Complaint that Defendant used Plaintiff's confidential and trade secret information to cause Plaintiff's negotiations to acquire that target company to fail, *see* Compl. ¶ 3, Defendant's dealings with that company would appear relevant to this action. Furthermore, nothing requested in the letter is extraordinary or unusual. Therefore, this letter does not support Defendant's claim that Plaintiff acted in bad faith or "sour[ed]" Defendant's business relationships.

As further evidence of Plaintiff's bad faith, Defendant argues that Plaintiff provided Defendant with information during the LOI process that was not treated as confidential or proprietary, and Plaintiff did not object to Mr. Lamar going to work for Defendant. Opp'n at 4–5. Defendant claims that the financial model Mr. Lamar shared with Defendant's upper management was "already outdated." *Id.* at 5. In response, Plaintiff cites the deposition of its former employee, David Kaelin, who described the financial model, which was not disclosed in due diligence, as a "graphically detailed account of what we [Plaintiff] had done, what we are doing, and what we were planning on doing from a modeling perspective." Leventhal Decl. Ex. H, ECF No. 56-1 at 23–26. Plaintiff also claims that after Defendant had access to this information, "[Defendant] used [Plaintiff]'s financial model to exponentially increase its sales of shoes on one of [Plaintiff]'s most profitable marketplaces." Reply at 3.

The Ninth Circuit has indicated that the merits of the plaintiff's case has some relevance to the decision whether to award attorneys' fees and costs. *See Stevedoring Servs. of Am.*, 889 F.2d at 922. The *Stevedoring* case is instructive on this point. In *Stevedoring*, the parties were further in the litigation process when the district court granted the plaintiff's motion for voluntary dismissal. *See id.* The plaintiff asked for voluntary dismissal after it lost on the main issue in the case, which was resolved "only after weeks of hearings," and the court found it was a close question as to whether plaintiff would

prevail on that issue. *Id.* In the present case, the Court does not have the benefit of such evidentiary hearings, and the Parties have not brought motions for summary judgment. This case has survived a motion to dismiss, and the Parties have conducted some discovery. The Court is not in a position to decide disputes of the material fact. However, based on the evidence the Parties appended to the briefing on the present Motion, it appears to the Court that Plaintiff's claim for trade secret misappropriation was viable. Although the Parties dispute whether the financial model Mr. Lamar shared with Defendant was current or useful, this dispute would be resolved by the factfinder. Based on the evidence presently before the Court, the Court finds that Plaintiff had a non-negligible chance of prevailing on its trade secret misappropriation claim. This weighs in favor of the Parties bearing their own costs.[1]

Considering the evidence that indicates Plaintiff acted in good faith, diligently prosecuted this case, and had a viable theory throughout the litigation of this case, *see supra* Section II.A, it would be inequitable to award fees in this case. Accordingly, the Parties shall each bear their own costs and attorneys' fees.[2]

## CONCLUSION

Based on the foregoing, the Court **GRANTS** the Parties' Motions to Seal (ECF Nos. 51, 54), **DENIES AS MOOT** Defendant's Evidentiary Objections (ECF No. 53-3), and

---

[1] The lack of Plaintiff's bad faith and the strength of Plaintiff's case are both factors the Court finds weigh in favor of not awarding fees in this action, but the Court also notes that "it would be anomalous to award fees upon dismissal in a case where the defendants would not be awarded costs and fees if they prevailed at trial." *Cerciello*, 917 F.2d at 27 (9th Cir. 1990) (citing *Stevedoring Servs. of Am.*, 889 F.2d at 920–21). This is an additional consideration in the Court's decision to decline to impose fees in this case.

[2] In its Opposition, Defendant argues that the Court should strike portions of the Declaration of Bob Marino in Support of Plaintiff's Motion to Dismiss Complaint Without Prejudice ("Marino Decl.," ECF No. 49-1) and Plaintiff's memorandum of points of authorities. *See generally* Evid. Objs. Defendant argues certain statements in the Mariano Declaration are speculative or lack foundation. *Id.* at 1–2. Defendant further argues that some statements in Plaintiff's Motion "have no admissible evidence or foundation to support them." *Id.* at 2. Plaintiff filed evidence supporting these assertions in its Reply. *See generally* Reply. The Court gave Defendant the opportunity to respond to this evidence in a sur-reply. *See* ECF No. 65. Therefore, the Court **DENIES AS MOOT** Defendant's Evidentiary Objections (ECF No. 53-3).

1  **GRANTS** Plaintiff's Motion to Dismiss (ECF No. 49).  The Court **DISMISSES**
2  **WITHOUT PREJUDICE** this action.  Each Party shall bear its own costs and attorneys'
3  fees.  The Clerk of the Court shall close the file.

4      **IT IS SO ORDERED.**

5  Dated:  June 14, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge